IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| v. | | |
| | * | **Case No.: ELH-19-286** |
| **CHARLTON MORRIS,** | | |
| | * | |
| **Defendant.** | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the defendant Charlton Morris's Emergency Motion for Reconsideration of Detention Due to Client's Positive Test for COVID-19 and His History of Asthma, ECF 912. The government filed an opposition, ECF 918, and a supplement after reviewing Morris's medical records, ECF 924. No hearing is necessary. For the reasons stated below, the Emergency Motion is denied.

**Background**

On June 25, 2019, Charlton Morris was charged by superseding indictment with conspiracy to distribute more than one kilogram of heroin, more than five kilograms of cocaine, more than 280 grams of crack, and a detectable amount of fentanyl in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841. If convicted, he faces a maximum sentence of life imprisonment and a mandatory minimum sentence of ten years. On July 1, 2019, Judge Gallagher presided over a detention hearing and issued an Order of Detention. ECF 145. On August 24, 2019, Morris filed a motion for reconsideration of the detention order. ECF 287. Judge Hollander held a de novo detention hearing on October 31, 2019 and denied his motion on the record in open court. ECF 336.

On May 1, 2020, Morris filed a second motion for reconsideration of the detention order, citing the pandemic as grounds for release.  ECF 435.  On June 8, 2020, I denied the motion.  ECF 528.  I noted that, at the time, the COVID-19 situation at Chesapeake Detention Facility (CDF), where Morris is detained, appeared stable and CDF had not reported a COVID-19 outbreak.  *Id*. at 11–12.  I concluded that, in any event, "there [were] no conditions of release that would reasonably assure the safety of the community" because, even if his proposed third-party custodians were acceptable and their residences were in acceptable locations, the Court would not be able to "effectively monitor Morris's whereabouts with the location monitoring technology . . . available" at that time.  *Id.* at 12–13.  I also denied Morris's request for temporary release under § 3142(i) because Morris did not establish a compelling reason for temporary release.  *Id.* at 13.  Morris remains detained.

In his latest motion for reconsideration of the detention order, Morris requests a hearing on his release request and asks the Court "to force CDF to produce Mr. Morris and force USMS to give a status update as to Mr. Morris['s] condition."  Def.'s Mot. ¶ 6.  He seeks release because "there are well over 100 cases of COVID-19 at the facility" and Morris, who has asthma, recently tested positive for COVID-19.  The U.S. Marshals Service produced Morris's medical records, and I permitted the parties to supplement their filings after receiving the records.  ECF 920 & 921.  The government supplemented its briefing.  Morris did not.

## Discussion

Morris's motion for reconsideration appears to be made under 18 U.S.C. § 3142(f)(2), which allows the Court to reopen a detention hearing if "information exists that was not known to the [defendant] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and

the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Mr. Morris's COVID-19 diagnosis and the COVID-19 outbreak at CDF were unknown to him and the Court when he previously sought release. Morris does not argue that any other factor under the Bail Reform Act has changed.

The question before me is whether Morris's COVID-19 diagnosis and the COVID-19 outbreak at CDF amount to material changes in circumstances that warrant reopening the detention hearing. I find they do not. For the sake of judicial economy, I incorporate herein my prior findings regarding the § 3142(g) factors as they apply to Morris. June 8, 2020 Order 9–13.

According to CDF medical records, Morris was diagnosed with COVID-19 on February 1, 2021. Med. Recs. 59, ECF 921. He was placed in isolation and monitored until February 10, 2021. *Id.* at 43–59. He was asymptomatic and denied having any symptoms of COVID-19. *Id.* On February 10, 2021, he still was asymptomatic and "denie[d] any other concerns," and isolation was discontinued. *Id.* at 43. He has recovered from COVID-19. It is true, as Morris argues, that he has asthma and requires an albuterol inhaler, Med. Recs. 7, 9, ECF 440 (sealed), and that the Centers for Disease Control and Prevention (CDC) advise that people with moderate to severe asthma "might be at an increased risk of severe illness from the virus that causes COVID-19."[1] Fortunately, Morris did not report any symptoms of the disease and certainly did not become seriously ill. Although the COVID-19 outbreak at CDF continues and Morris tested positive for COVID-19, these facts do not, in this particular case, constitute a material change in circumstances that warrants reopening the detention hearing.

---

[1] *See COVID-19: People with Certain Medical Conditions*, Feb. 3, 2021, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

4

**ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is, this <u>25th</u> day of <u>February</u>, <u>2021</u>, hereby ORDERED that Charlton Morris's Emergency Motion for Reconsideration of Detention Due to Client's Positive Test for COVID-19 and His History of Asthma, ECF 912, IS DENIED.

                                                    /S/
                                    Deborah L. Boardman
                                    United States Magistrate Judge